# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 11-21077-TLM |
| LEONARD O. WALLACE and ) | |
| PAMELA R. WALLACE, ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| LEONARD OTTO WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 12-07035-TLM |
| ) | |
| NORMAN HAYES, RODNEY ) | |
| HAYES, ART HOMMES, TOM ) | |
| SINGER, DANIEL GIBBONS, ) | |
| BRUCE HOGAN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION ON MOTIONS FOR RECONSIDERATION, AND RESOLVING AMOUNT OF SANCTIONS
_____

On February 12, 2013, this Court entered orally its findings of fact, conclusions of law, and rulings on several motions in the instant adversary proceeding. Doc. No. 73 (minute entry). Subsequently, the Court entered orders on all such matters. *See* Doc. Nos. 75-80. In those rulings and orders, the Court: (1) denied the request of Plaintiff Leonard Wallace ("Wallace") for a temporary

MEMORANDUM OF DECISION - 1

restraining order and injunction, (2) denied his request to supplement or amend, (3) denied his request for subpoena, (4) granted Defendants' motion to dismiss the adversary proceeding, and (5) granted Defendants' motion for imposition of Rule 9011 sanctions. *Id.* In regard to the sanctions order, Defendants were to file an itemization of costs and expenses claimed within 7 days of the entry of that order, Doc. No. 75. Defendants did so on February 19, claiming $17,010.00 as reasonable fees, and asserting no costs. Doc. No. 87. Wallace had 7 days thereafter to file objections to the itemization. *See* Doc. No. 75.

On February 21, Wallace filed a "Request for Reconsideration, and [Request for] Hearing to Determine [several described matters]." *See* Doc. No. 89 ("First Motion"). The following day, Wallace filed a "Affidavit & Motion to Reconsider in Part, Oral Ruling, Sanctions & Legal Fees." *See* Doc. No. 90 ("Second Motion/Objection"). In addition to being a second request for reconsideration, Wallace's Second Motion/Objection is deemed to be an objection or response to the amount of fees claimed by Defendants, in the absence of any other specific filing. As of the issuance of this decision, Wallace has not filed any other documents on these matters.

### A.    Motions for Reconsideration

The Court first addresses a procedural matter. The practice of the Court when presented with requests to "reconsider" rulings is to evaluate the submissions made and the contentions raised. While the Court may exercise its

MEMORANDUM OF DECISION - 2

discretion and allow a hearing on such motions, hearing is not inflexibly required. *Accord In re Genay-Wolf*, 2012 WL 2871685, *1 (Bankr. D. Idaho July 12, 2012) (dealing with similar request for reconsideration under Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024). Having here considered fully all the contentions raised and the grounds alleged in the First Motion and the Second Motion/Objection, and being closely familiar with the entire, lengthy history of this litigation and the related bankruptcy case, the Court determines oral argument is not necessary. Thus, any request for oral argument[1] will be denied, and the Court will resolve the First Motion and the Second Motion/Objection on the submissions.

The First Motion and the Second Motion/Objection contain no citations to authority supporting "reconsideration."[2] That omission is not very surprising, because Wallace represents himself.[3] Wallace fundamentally presents and argues the very same issues and contentions that he has repeatedly advanced on the merits of the litigation. In effect, he disagrees with the rulings of the Court, and wants to argue the same matters again in the hope of a different result. The requests are not well taken.

---

[1] While it is not entirely clear that Wallace requests such a hearing, the Court presumes he would wish one, and thus has addressed this procedural matter.

[2] The authority Wallace cited goes to the merits of what was previously before the Court. It is effectively repetitive of authorities provided before the matters were taken under advisement.

[3] Frankly, many attorneys also fail to adequately address the Rules and related authority when requesting "reconsideration."

MEMORANDUM OF DECISION - 3

A motion "to reconsider" does not exist under the Rules and, when so asserted, it is treated as a motion under Fed. R. Civ. P. 59(e) made applicable by Fed. R. Bankr. P. 9023. *Hanson v. Finn (In re Curry and Sorenson)*, 57 B.R. 824, 826-27 (9th Cir. BAP 1986). A motion under Rule 59(e) to "alter or amend a judgment" will not be granted "absent highly unusual circumstances," and reconsideration of a judgment or order after its entry by the court "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (citations omitted). The trial court enjoys "considerable discretion" in granting or denying such a motion. *Id.* In a recent case, the Ninth Circuit phrased the Rule 59(e) standard as follows:

> [A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).[4] A manifest error of fact or law must be one "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condo. Ass'n*, 302

---

[4] The standard for motions under Rule 59(a) for a "new trial" are similar: such a motion may be granted, in the court's discretion, upon a showing of manifest error of fact, manifest error of law, or newly discovered evidence. *Janas v. Marco Crane & Rigging Co. (In re JWJ Contracting Co.)*, 287 B.R. 501, 514 (9th Cir. BAP 2002). Although the Court presumes that the Motions request the Court to alter or amend the judgment under Rule 59(e), the analysis would not be significantly different if Wallace intended to ask for relief under Rule 59(a).

MEMORANDUM OF DECISION - 4

B.R. 682, 683 (Bankr. C.D. Cal. 2003) (quoting Black's Law Dictionary 563 (7th ed. 1999)).

Here, evidence was taken on Wallace's request for injunctive relief. The other matters were presented on pleadings and argument. No manifest error is identified in how the Court addressed the evidence presented. The Court therefore views the two Motions as suggesting error of law. But manifest error of law is not merely a party's disagreement with how the trial court applied the law. Manifest error "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)).

The utility of the Rule, and the standards governing its application, is to allow the trial court an opportunity to remedy a clear and incontrovertible (*i.e.*, a "manifest") error of law it made, avoiding the cost and delay of appeal. On the other side of the coin, however, the Rule is improperly used when the litigant is simply unhappy with the manner in which the correct and applicable law was applied to the evidence; the remedy for the litigant in such a situation is an appeal, not the rehashing of arguments in an attempt to persuade the court to change its mind. *See In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd & remanded, Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991) (motions for "reconsideration" are not for rehashing the same arguments made the first time, or to assert new

MEMORANDUM OF DECISION - 5

legal theories or new facts that could have been raised at the initial hearing). As this Court stated in *In re Sterling Mining Co.*, 2009 WL 2705825 (Bankr. D. Idaho Aug. 24, 2009), asking the Court to rethink what it "carefully and deliberately considered" in entering its ruling is not a proper basis for relief under this Rule and "arguments that the Court was in error on the issues it considered and resolved should be directed to an appellate court." *Id*. at *2 (citations omitted). Motions to reconsider are not vehicles by which to make the same arguments as earlier made (even if hopefully more persuasively), or to raise arguments that should have been made but were not.

Wallace has not identified, much less borne the burden of proving, that the Court's decision disregards or contravenes controlling law or that there is some other "manifest" error of law or of fact.

The Court has considered carefully Wallace's contentions as articulated in the present Motions, just as it considered them carefully in initially addressing the several matters that were presented for decision. It finds that, while Wallace argues about how the Court should have weighed and evaluated the issues or evidence, there is nothing proffered to show the decision rests on improperly admitted or excluded evidence or that there is some "manifest" error of law in the Court's decision.

Wallace effectively asks only that the Court rethink its rulings, claiming that the several decisions and determinations reached were in error. The Court

MEMORANDUM OF DECISION - 6

appreciates that Wallace feels strongly about the correctness of his analyses and positions. But that conviction, even when coupled with the belief that the Court did not correctly decide the matter, does not support reconsideration.

Having evaluated the First Motion and the Second Motion/Objection under the established authorities relevant to requests to alter or amend a judgment, and considering the arguments and contentions raised, the Court concludes neither request is well taken. They will be denied. An appropriate order will be entered.

### B.    Sanctions

The sanctions order, Doc. No. 75, required Defendants to file an affidavit asserting their claimed reasonable fees and costs incurred as a result of Wallace's sanctionable conduct. They complied with that requirement. Doc. No. 87. Wallace was given an opportunity to object to the amounts Defendants claimed were reasonable. His Second Motion/Objection raises an objection to any fees (as a component of asking for reconsideration of the sanctions ruling). It does not raise a specific objection to any of the claimed fees in Defendants' affidavit.

The Court has an independent obligation to review requests for fees and evaluate their reasonableness. Here, the fees are being awarded under the aegis of Fed. R. Bankr. P. 9011(c)(2). Under that Rule, the fees must be incurred by Defendants as a direct result of Wallace's conduct, be "reasonable" in amount, and be no more than what is required for effective deterrence of similar conduct. *Id.*

MEMORANDUM OF DECISION - 7

The Court independently and carefully evaluated Defendants' submissions. It finds that Defendants' fee request meets the Rule 9011 criteria. Wallace's objections are overruled, and sanctions awarded in the amount of $17,010.00. An appropriate order will be entered.

DATED: February 27, 2013



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 8